IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARLINGTON HOME, INC. § | |
| § | |
| v. § | CIVIL ACTION NO. 4-19-cv-3582 |
| § | JURY DEMANDED |
| CERTAIN UNDERWRITERS AT § | |
| LLOYD'S, LONDON SUBSCRIBING TO § | |
| POLICY NO. V579900R2 AND PATRICK § | |
| JAMES EMBRY § | |

## DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. V579900R2 each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest, ("Underwriters"), file this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.  At issue is a lawsuit for alleged damages to a high-value home insured by Underwriters. Three months after an alleged broken water pipe, Plaintiff's caretaker of the dwelling reported an interior water damage claim to which Patrick James Embry ("Embry") was assigned to investigate. Three months after reporting the water pipe claim, on or about August 1,

2018, Plaintiff's representative reported an alleged storm damage claim which reportedly occurred on March 9, 2018, five months prior to the first notice of loss given to Underwriters.

2. Embry was assigned to investigate the reported pipe-related damages. Paul Cryer was assigned to investigate Plaintiff's alleged March 9, 2018 storm damage claim. Embry adjusted the plumbing damage claim and payment was made after application of the Policy's deductible and depreciation. Cryer investigated Plaintiff's alleged storm damage claim and found the roof to be around 25 years' old with heavy wear and tear, cracking, blistering, and granule loss. He recommended and Underwriters agreed to have an engineer inspect the roof to opine as to the cause of observed damages.

3. An engineering inspection of Plaintiff's roof revealed no storm on the reported loss date, cosmetic indentions were noted, no shingles had signs of wind damage and evidence of a prior repair by the chimneys was observed. No sign of wind or hail damage which could have occurred within the Policy period was observed. Underwriters denied the storm damage claim.

4. Plaintiff now sues Underwriters and Embry for alleged contractual and extra-contractual claims, including claims of alleged Insurance Code violations against Embry, individually, for the investigation and decision made in the March 9, 2018 storm claim. *See* Plaintiff's original petition at ¶11. Embry, however, was not the adjuster assigned to and did not investigate, adjust, or make any claims determinations with respect to Plaintiff's March 9, 2018 storm claim at issue. *See* attached hereto as Exhibit 1, Affidavit of Patrick James Embry.

5. On July 31, 2019, Plaintiff filed a lawsuit styled *Arlington Home, Inc. v. Underwriters at Lloyd's, London Subscribing to Policy No. V579900R2 and Patrick James Embry;* Cause No. 201952495, in the 164th Judicial District Court, Harris County, Texas.

6. Plaintiff served Underwriters' agent for service on August 27, 2019. Plaintiff served Embry on August 15, 2019.

7. Defendants Underwriters file this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

8. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule 81. A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

9. As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "2" is an Index of State Court Documents with attachments including all executed process, pleadings, orders, and the docket sheet. A list of counsel is attached hereto as Exhibit "3."

## II.
## BASIS FOR REMOVAL

10. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A. There is Complete Diversity of Citizenship.**

11. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Plaintiff's Original Pet. ¶ 2.

12. Underwriters is a Syndicate within the Lloyd's Market known as Syndicate 1206. Syndicate 1206/AmTrust at Lloyds, is a business entity organized pursuant to and is therefore a citizen of the United Kingdom. AmTrust at Lloyd's or Syndicate 1206 is not a publicly traded corporation. Defendants Underwriters, were, and at the date of this Notice, a foreign company, a citizen of the United Kingdom, and has its principal place of business at 33 St. Mary Axe,

Exchequer Court, London EC3A 8AA. Syndicate 1206 has no Names which are citizens of Texas. Plaintiff asserts its actual damages are $159,275.00. *See* Plaintiff's Petition at ¶ 66, Accordingly, Underwriters are citizens of the United Kingdom and satisfy the amount in controversy requirement for this Court's diversity jurisdiction over this matter.

13. Defendant Embry, not a proper party to this suit, is a citizen of the state of Texas.

**B. Defendant Embry Has Been Improperly Joined.**

14. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Underwriters would show that "there is no reasonable basis for the district court to predict that the [plaintiff] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573.

15. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against

the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Underwriters Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

16.     Plaintiff cannot not show any reasonable likelihood of recovery on its claims against Embry because <u>Embry is not the adjuster involved in the investigation of Plaintiff's March 9, 2018 storm damage claim at issue</u> in this lawsuit.  *See* Plaintiff's original petition at ¶¶ 11-15 and Exhibit 1 attached hereto and fully incorporated herein by reference.  Also, Defendant filed an Election of Legal Responsibility pursuant to Texas Insurance Code Section 542A.006 which requires dismissal of Embry as a matter of law.

17.     Plaintiff's Original Petition "fails to specify any statements which [Plaintiff considers] to be misrepresentations or fraudulent, [Plaintiff does] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.  Insurers, as well as adjusters, have the right to estimate damages based on their investigation, skill, and training without being sued for alleged Insurance Code violations just because public adjusters and lawyers blanket the area and promise homeowners new roofs. *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651, 661 (Tex.App.-Houston [1st Dist.] 2008), citing *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex.App.-Dallas 2005). "As long as

the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mutual Automobile Ins. Co.*, 103 F.3d 456, 459 (5th Cir.1997), citing *Lyons v. Millers Casualty Ins. Co.*, 866 S.W.2d 597, 600 (Tex.1993).

18. Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading *actionable facts* to which a cause of action should apply. Here, there is no *reasonable basis* for the Court to predict that Plaintiff might be able to recover against Embry, individually, as opposed to recovering on its contractual claims against Underwriters.[1] Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is denial or underpayment of alleged March 9, 2018 storm damages by Underwriters, a claim in which Embry was not involved. *See Plaintiff's* Original Pet. ¶¶ 11-15 and Exhibit 1 hereto.

19. In Texas, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."[2] The Fifth Circuit

---

[1] *Griggs*, 181 F.3d at 699-701; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) (holding that, because the plaintiff's claims against the adjuster were identical to his claims against the insurer, the plaintiff failed adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

[2] *See, e.g., Parkans Int'l v. L.L.C.. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Provident American Ins. Co. v. Casteneda*, 988 S.W.2d 189 (Tex. 1999); *DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App. – Houston [1st Dist.] 2008), *aff'd in part and rev'd on other grounds*, 297 S.W.3d 248 (2009). Plaintiff must demonstrate both extreme conduct and damages that are independent of the benefits of the insurance policy. *Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998); *Lexington Ins. Co. v. JAW The Pointe, LLC*, 2013 WL 3968445 (Tex.App.--Houston [14th Dist.] 2013, pet. filed) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex 2002)).

reiterated this rule in 2010 in *Great American Ins. Co. v. AFS/IBEX Financial Serv.*, 612 F.3d 800 (5th Cir. 2010) (the insured's assertion that a breach of contract entitled it to recover its extra-contractual claims "does not comport with this court's case law.").

20. Further, Underwriters have recently learned that Plaintiff's home had damages caused by Hurricane Harvey, which occurred on or about August 27, 2017. Plaintiff applied for the subject policy attesting that repairs were being performed to such damages. Embry was not the adjuster assigned to investigate Plaintiff's alleged March 9, 2018 storm damage claim. Plaintiff's petition therefore fails to show any reasonable basis on which this Court may predict liability could be found against Embry, individually, on a claim he did not investigate. "Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster." *TAJ Properties, LLC. v. Zurich Am. Ins. Co.*, 2010 WL 4923473, *4 (S.D. Tex. 2010) (not designated for publication). Embry is improperly joined in this action and removal is proper.

**C. The Amount In Controversy Exceeds Jurisdictional Requirements.**

21. It is undisputed that the amount in controversy in this case exceeds the $75,000 jurisdictional requirement. Plaintiff's lawsuit states that Plaintiff seeks actual damages of $159,275. Plaintiff's Original Pet. ¶ 66.

**D. Removal is Procedurally Correct.**

22. Underwriters first received notice of Plaintiff's' Original Petition on August 27, 2019, when Underwriters were served. Underwriters file this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

23. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

24. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

25. Pursuant to 28 U.S.C. §1446(d), promptly after Underwriters file this Notice, written notice of the filing will be given to Plaintiff.

26. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Underwriters files this Notice.

27. Consent of an improperly joined defendant is not necessary for removal; however, Embry, represented by the Undersigned, consents to this removal.

## III.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove this case to this Court for trial and determination.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: /s/ D. Christene Wood
    D. Christene Wood
    Texas State Bar No. 24042188
    Southern District I.D. No. 567102
    cwood@sheehyware.com
2500 Two Houston Center
909 Fannin

>Houston, Texas 77010
>713-951-1000
>713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 23rd day of September 2019 to the following counsel of record:

***Via Court's ECF Service***
Chad T. Wilson
Patrick C. McGinnis
Chad T. Wilson Law Firm PLLC
455 E Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com

>*/s/ D. Christene Wood*
>D. Christene Wood